**S. PATTI CONST. CO., Inc. v. UNION PAC. R. CO.**

**Nos. 13719, 13720.**

United States Court of Appeals Eighth Circuit.

Nov. 15, 1948.

See also 7 F.R.D. 594.

A. E. Bazan, of Kansas City, Mo., for appellant.

Louis L. Poplinger, of Kansas City, Mo. (Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

S. Patti Construction Co., claiming that freight overcharges had been made against it on 20 carloads of lumber, shipped from Oregon to Kansas, during 1944, sued Union Pacific Railroad Co. in two actions for reparations. The District Court gave summary judgment for Union Pacific, and Patti has appealed. The two actions were consolidated for hearing below and have been similarly consolidated here.

The parties agree that the situation is controlled by Trans-Continental Freight Bureau Tariff No. 28-N. Item 90 of the Tariff, as then in effect, provided that, "Unless otherwise provided by this tariff, freight charges should be assessed on weights obtained on scales of the railroads or scales under the jurisdiction of the Trans-Continental Freight Bureau Weighing and Inspection Department * * *." Union Pacific had made charges on each car on the basis of the weight of the cargo, obtained from the scale ticket, made by Trans-Continental Freight Bureau, Weighing Dept., signed by a "sworn weighmaster", and affixed to the waybill.

Item 70-B of the Tariff fixed general minimum carload weights, ranging from 38,000 lbs. for cars 36 feet and under in length to 54,000 lbs. for cars over 42 feet in length. A special minimum carload weight of 34,000 lbs. was also provided for, where a car had been loaded to "full visible capacity" (which was defined) and a proper certification of such loading had been made by the shipper, with a notation by the agent on the waybill of the special minimum weight and the words "Car loaded to full

visible capacity, as per tariff, and so certified to by shippers."

Patti contends that the minimum carload weights provided for in the Tariff were intended to be controlling over actual weights on all carload shipments, no matter whether the weight of the cargo was more or less, and that the freight charges therefore should have been based on the special minimum carload weight of 34,000 lbs. for "full visible capacity" loading, or at least on the general minimum carload weights of 38,000 lbs. to 54,000 lbs. The shipments involved had had actual weights ranging from 62,060 lbs. to 96,400 lbs. of lumber per car, while the highest minimum carload weight under the Tariff on any car was, as indicated above, 54,000 lbs.

We are unable to see any basis for Patti's contention. No language is used in Item 70-B, or elsewhere in the Tariff, to suggest that the minimum carload weights fixed were intended also to be the maximum carload weights for purposes of freight charges. And certainly no such implication can be said naturally to exist, for the terms minimum and maximum are, of course, antonymic. But in addition to this, Item 70-B is on the contrary explicit in its indication that actual weights are to be used in collecting freight charges on carload shipments, except where the weights are less than the minimum carload weights fixed by the Tariff for the class of cars involved.

Thus, it is provided that, "When cars are loaded to full visible capacity * * *, charges are based on actual weight but not less than 34,000 lbs. * * *." There are also other provisions that, where the shipper fails to make a certificate on a "full visible capacity" load, the general minimum carload weights of the Tariff shall govern instead of the special 34,000 lbs. minimum, but where the certificate has been given and the proper notation has been made on the waybill by the agent, "such notation shall be accepted by receiving agent as authority to use such minimum as basis for collection charges, unless actual weight is greater, in which case charges shall be based on actual weight; or in case inspection determines the fact that car has not been loaded to its full visible capacity,

and such notation is found to misrepresent the facts, charges shall be assessed on basis of (the general) minimum weights * * * (fixed by the Tariff) unless actual weight is greater, in which case actual weight governs." We fail to see even the slightest ambiguity in any of this language.

The judgment of the trial court is clearly correct and is affirmed.